## *VALLEY RAILWAY CO. v. LOUIS POUCHOT.

1. RIGHTS OF ABUTTING OWNER.

   If a railroad, after laying tracks by permission of council, fails to assess compensation to abutting owners, an owner may file a petition.

2. "LAND" INCLUDES OWNER'S INTEREST IN STREET.

   In section 6448, Rev. Stat., the word "land" includes the interest of an owner of a lot in the street upon which such lot is situated, and he is not confined to sec. 3283, or the limitation thereunder.

ERROR to the Court of Common Pleas of Summit county.

UPSON, J.

This is a proceeding in error to reverse the judgment of the court of common pleas, affirming that of the probate court.

Louis Pouchot was the owner of certain lands on River street, in the city of Akron. The Valley Railway Company entered into an agreement with the city council, by which it was permitted to construct its railroad through that street. Pouchot claims that he was injured, and his rights as an owner of an abutting lot were destroyed by the construction of this railway through the street. The railway company, not instituting proceedings to appropriate his rights, he, under section 6448 of the statutes, notified the company to do so. The company refused to do it, and thereupon, in accordance with the provisions of that section, he himself instituted proceedings in the probate court. That court decided that he was entitled to maintain these appropriation proceedings against the company, and the company excepted to that decision.

A trial was had, which resulted in a verdict in favor of Pouchot, and judgment was rendered upon the verdict. The case was then taken by petition in error to the court of common pleas, and the judgment there affirmed.

There are several points of considerable importance which arise in the consideration of this case. Section 3283, Rev. Stat., provides that, "If it be necessary, in the location of any part of a railroad, to occupy any public road, street, alley, way, or ground of any kind, or any part thereof, the municipal or other corporation, or public officers or authorities, owning or having charge thereof, and the company may agree upon the manner, terms, and conditions upon which the same may be used or occupied; and if the parties be unable to·agree thereon, and it be necessary, in the judgment ·of the directors of such company, to use or occupy such road, street, alley, way, or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the same terms as is provided for the appropriation of the property of individuals; but every company which lays a track upon any such street, alley, road, or ground, shall be responsible for injuries done thereby to private or public property lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the proper court, at any time within two years from the completion of such track."

It is claimed on behalf of the plaintiff in error that the remedy given by that section to the owner of lots abutting on a street is the only remedy to which he is

---

* This judgment was affirmed by the supreme court, on authority of this decision, January 30, 1894, 51 O. S., 571.

entitled; that, although the company itself would have the right to institute appropriation proceedings in order to take the property of the abutting proprietor—his property in the street—that he, himself, cannot, by virtue of sec. 6448, institute those proceedings. This section, so far as it is applicable to this case, provides that, "When a corporation authorized by law to make appropriation of private property has taken possession of and is occupying or using the land of any person for any purpose and the land so occupied or used has not been appropriated and paid for by the corporation or is not held by any agreement in writing with the owner thereof, the owner or owners, or either of them, may serve notice in writing upon the corporation, in the manner provided for the service of a summons against a corporation, to proceed under this chapter to appropriate the land; and on failure of such corporation, for ten days, to proceed, the owner or owners may file a petition," etc.

The railroad company emphasizes the word "land," as used in that section, and claims that it is only applicable to cases where the railroad company is using and occupying "land" without having appropriated it, or otherwise acquired the right to use it, and that therefore the provisions of this section do not apply to a case like this, which leaves as the only remedy on behalf of the adjoining proprietor an action for damages, under sec. 3283, Rev. Stat.

In determining whether that is a valid claim, it is necessary first to consider what are the rights of property which the owner of an abutting lot has in the street; and that has been so long established and so clearly decided in this state, that it is hardly necessary to do more than refer to the decisions of the supreme court upon that subject. The first case in which the principle was clearly laid down was the case of Crawford v. Village of Delaware, 7 O. S., 460, and it again came before the court in the case of Street Railway v. Cumminsville, 14 O. S., 523, in which the opinion of the court was rendered by Judge Ranney, and which is always referred to as one of the leading cases upon that subject. The principle decided is this: that the abutting lot owners "have a peculiar interest in the street, which neither the local nor the general public can pretend to claim; a private right of the nature of an incorporeal hereditament, legally attached to their contiguous grounds, and the erections thereon; an incidental title to certain facilities and franchises, assured to them by contracts and by law, and without which their property would be comparatively of little value. This easement, appendant to the lots, unlike any right of one lot owner in the lot of another, is as much property as the lot itself." It has been repeatedly decided by the supreme court of this state that this property is under the protection of the constitution, which provides that private property can not be taken for public uses without compensation being made to the owner.

In the case of Railway Co. v. Lawrence, 38 O. S., 41, it was held that, "Where the construction of a railroad in a street of a city will work material injury to the abutting property, such construction may be enjoined, at the suit of the owners, until the right to construct such road in the street shall first be acquired, under proceedings instituted against such owners as required by law for the appropriation of private property. In such case it is immaterial whether the fee is vested in the city or in the abutting owners, so long as it is held upon the same defined uses." And one claim made in this case is that the records show that Pouchot is not the owner of the fee in the street in front of his lands, but that it is vested in the city as provided by statute; that it is not his land, and, therefore, that he can not compel an appropriation of it under this section of the statute. It will be seen that it is decided by the supreme court that he has a property in the street, and that his property in the street is protected by the constitution irrespective of the question whether the fee is vested in him or not.

The question came up again very recently, at the January Term, 1887, of the supreme court, in the case of Railway Company v. Gardner, 45 O. S., 309, and the court in the opinion say: "The plaintiffs below owned a valuable interest in the street taken by the railroad company for the use of its track. This is too well set-

tlcd by the adjudications of this court to justify the citation of authorities to sustain the proposition. This interest was a proper subject for appropriation and compensation by the company. It was taken without either. It was not within the power either of the city of Gallipolis, or of the general assembly, to authorize the company to take this property of the plaintiffs without compensation. While as between the city and the company the taking of the street was rightful, between the company and the plaintiffs it was wrongful." And the court decided that this interest was a proper subject of appropriation and compensation by the company. The court proceed to say: "Whether the action below was one in the nature of an appropriation we need not inquire. The question involved is whether, in the sense contemplated by the act in question, the property of the plaintiffs was materially and substantially injured by the location and operation of the railroad track upon the street upon which such property abutted."

Now, as I stated before, it is claimed that, in such a case as this, where the city has agreed with the railroad company upon the terms on which it may occupy the street, the only remedy on behalf of the lot owner is an action for damages. If that were the true construction of the statute as we think it is not, we should have no hesitation in holding that the statute, to that extent, is unconstitutional, because the clear provision of the constitution is that property can not be taken by a corporation for a right-of-way without first making compensation or securing it by a deposit of money, and there is no provision of that kind in this part of the statute. But we think it is clear that it was not the intention of the legislature to make that the exclusive remedy of the lot owner. He may resort to that remedy if he thinks best to do so, but it leaves him any other remedy which the law may give, and that, in our judgment, disposes of the statute of limitations. which is raised in this case. That limitation applies simply to a case where the suit is brought under this section for damages. It does not apply to other proceedings; and they are governed by the general provisions of the law.

That brings us, then, to the direct question whether, in using the word "land" in this sec. 6448, the legislature intended to include anything more than is understood ordinarily to come within the proper definition of the word "land." Now the word "land," as used in law and as generally used, has a signification that is not broad enough to include rights like those claimed by the plaintiff below; but it is unquestionably in the power of the legislature to use that word in a more enlarged sense than the one in which it is ordinarily used in the law. The legislature of this state has, in two instances at least, provided that the word "land" shall have a meaning broad enough to include the rights of property claimed by the plaintiff below in this case, and I refer to those sections. The first one is sec. 1536, in which it is provided that, in the interpretation of that statute, the words "lands" and "real estate" include rights and easements of an incorporeal nature. In sec. 2730, the word "land" is given, as applied to taxation, a still broader definition; and it would seem natural, at least, that the legislature, in providing that where a corporation does not proceed to appropriate property as it is by law and the constitution bound to do, in giving to the land owner the right to compel an appropriation, it would make that right co-extensive with the right of the corporation to appropriate. And upon examining the provisions of the statute with reference to the right of railroad companies to appropriate real property for the use of its railroads, we are satisfied that the legislature used the word "land" in section 6448 with a meaning broad enough to include the rights of property in the plaintiff below in this case; and that we think is clearly shown by the provisions of the statute under which railroad companies appropriate property.

The general provision of the law authorizing railroad companies to appropriate real property for their use is contained in sec. 3281, Rev. Stat., which provides as follows:

"A company may enter upon any land for the purpose of examining and surveying its railroad line, and appropriate so much thereof" (that is, so much of the

land on which they enter) "as may be deemed necessary for its railroad, including necessary side-tracks, depots, work-shops, round-houses, and water-stations, material for construction except timber, a right of way over adjacent lands sufficient to enable it to construct and repair its road, and the right to conduct water by aqueducts, and to make proper drains; but no appropriation of private property to the use of a company shall be made until full compensation therefor is made in money, or secured by deposit of money, to the owner, irrespective of any benefit from any improvement proposed by the company, as prescribed by law."

There is, in the statute contained in sec. 6445, authority given to a railroad corporation of this state to "condemn and appropriate to its own use the interest and easement in, and quiet title to, any unfinished road-bed, or part thereof, on the line of its proposed road, owned or claimed by any other company;" but that section does not apply to ordinary appropriations by a railroad company.

Now we think it will be found, upon an examination of the statute, that if a railroad company has any authority whatever to appropriate the rights which have been described of the adjoining lot owner in the street it is derived from this sec. 3281, which only authorizes in such cases the appropriation of "land," and uses that description. The only other sections which have been cited by counsel for the railroad company are secs. 6416 and 6417, and some other sections in the same chapter, which need not be referred to, but to which the same remarks would apply as to those sections. This is a chapter on Appropriations of Property. Section 6414, provides that, "Appropriations of private property by corporations must be made according to the provisions of this chapter." Then sec. 6416 provides:

In any such case the corporation may file with the probate judge a petition, verified as in a civil action, containing a specific description of each parcel of property, interest, or right, within the county, sought to be appropriated, the work, if any, intended to be constructed thereon, the use to which the same is to be applied, the necessity for the appropriation, the name of the owner of each parcel, if known, or if not known, a statement of the fact, the names of all persons having or claiming an interest, legal or equitable, in the property, so far as the same can be ascertained, and a prayer for the appropriation of the property.

Section 6417. "The petition may include one or more of the parcels of property, rights, or interests in the county in which it is filed; and when any such parcel, right, or interest, is situated in two or more counties, the petition may be filed in either of the counties in which an owner is resident, and if no owner is resident therein, it may be filed in either."

Now, it is true that these two sections which I have cited do imply that authority is given by law to appropriate not only property, but interests and rights, but these sections do not give that authority. Authority is given to such corporations as are authorized to appropriate private property in other sections and these sections are simply intended to point out the manner in which the authority given by law shall be exercised. Here is no statement as to what rights may be appropriated for what purpose, or by what corporations they may be appropriated; but these two sections do point out the manner in which such rights may be exercised; and, as I have said before, after a careful examination of the statutes, we are unable to find any authority in a railroad company to appropriate rights of an adjoining lot owner unless that authority is given by sec. 3281, and we have been cited to no other authority that seems to us applicable to the case.

Now, as I have shown before, the supreme court of Ohio has decided that such rights are a proper subject of appropriation proceedings in this State, and have enjoined the construction of a railroad until it should institute such appropriation proceedings, and in that manner obtained rights of an adjoining lot owner, where they have been materially injured. While these decisions have not been based upon this construction of the statute, yet they plainly imply the opinion of the supreme court that the word "land," as used in sec. 3281, does include all

the rights and interests which men may have in land, and which it is necessary to take for the purposes of a railroad company as defined by statute. If that is not a proper construction of this statute, then a railroad company has no means of obtaining those rights except by purchase from the owner, and that is certainly a construction of the statute which the corporations themselves would be unwilling to have given to the statute, and one which has never been given by either the practice or the decisions of the courts of this state.

We hold, therefore, that the probate court was right in overruling the motion of the plaintiff in error to dismiss this proceeding for want of jurisdiction and that the proceedings have in other respects been regular.

Judgments of the court of common pleas and of the probate court affirmed.

H. C. Sanford, for Pouchot.

Andrew Squire and C. S. Cobbs, for Railway Co.